IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH R. M. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00178-E-BT |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Keith R. M.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 4). For the reasons explained below, the magistrate judge RECOMMENDS that the District Court REVERSE the decision and REMAND the case to the Commissioner.

## **Background**

Plaintiff alleges that he is disabled due to major depressive disorder, attention deficit hyperactive disorder (ADHD), and obesity. Admin. R. 55 (ECF No.

---

[1] The Court uses only Plaintiff's first name and initials as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

17-1). He was born June 17, 1999, and was 19 years old on his alleged disability onset. *Id.* at 27, 241, 321. Plaintiff completed school through the 11th grade and can communicate in English. *Id.* at 33, 56. Plaintiff has no past relevant work experience. *Id.* at 32, 239, 269-76.

On June 12, 2018, Plaintiff applied for child's insurance benefits based on disability as well as supplemental security income. *Id.* at 219-33. Plaintiff alleged disability beginning June 1, 2018. *Id.* After his applications for disability were denied initially, *id.* at 138-45, and on reconsideration, *id.* at 149-56, by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether he is disabled. *Id.* at 216-18. A hearing took place on May 13, 2020. *Id.* at 49-51.

The ALJ determined Plaintiff is not disabled and therefore not eligible for disability benefits. *Id.* at 26. In his decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

At step one of the five-step sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2018. *Id.* at 27. At steps two and three, the ALJ found Plaintiff had the severe impairments of major

depressive disorder, ADHD, and anxiety disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 28. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform unskilled work at all exertional levels—that is, tasks that can be learned in 30 days or less and involve no more than simple and short instructions and simple work-related decisions with few workplace changes. *Id.* at 30. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that the Plaintiff could work as a laundry worker, a small parts assembler, and a final assembler—jobs that exist in significant numbers in the national economy. *Id.* at 33-35.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See. Id.* at 5. The Appeals Council denied review. *Id.* Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ's disability determination and denial of benefits is not supported by substantial evidence because the ALJ did not consider all the relevant medical evidence and because he relied on flawed VE testimony. Pl.'s Br. 2-3. (ECF No. 19).

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal

quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (internal quotation marks omitted) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Among Plaintiff's arguments is a single ground that compels remand—the ALJ's disability determination is not supported by substantial evidence. Specifically, the ALJ failed to explain his rejection of the March 2019 state agency consultants' medical opinion regarding the "intensity, persistence, and functionally limiting effects" of Plaintiff's symptoms. Admin. R. 117.

When considering medical opinions, the ALJ generally gives more weight to opinions by examining physicians than physicians who did not examine the plaintiff. 20 C.F.R. § 404.1527(c)(1); *Kneeland v. Berryhill*, 850 F.3d 749, 760-61 (5th Cir. 2017) (citations omitted). And the ALJ should give even greater weight to

4

treating physicians' opinions. 20 C.F.R. § 404.1527(c)(2); *Rollins v. Astrue*, 464 F. App'x 353, 355 (5th Cir. 2005). The ALJ can reject any physician's opinion "when the evidence supports a contrary conclusion." *Qualls v. Astrue*, 339 F. App'x 461, 466 (5th Cir. 2009). But "fundamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland*, 850 F.3d at 760 (citation and internal quotation marks omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018).

In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill*, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019) (Ramirez, J.). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Although there is not a "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings," the relevant regulations do require the ALJ to articulate "how persuasive [he finds] all of the medical opinions" of record. *See Hammond*, 124 F. App'x 847, 851; 20 C.F.R. § 404.1520c(b).

Moreover, the ALJ may assign little or no weight to an "acceptable medical source" or to "a treating physician's opinion" only upon a showing of good cause. *Young v. Berryhill*, 689 Fed. App'x 819, 822 (5th Cir. 2017); *Castillo v. Barnhart*,

5

151 F. App'x 334, 335 (5th Cir. 2005). At a minimum, an ALJ must "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). While ALJs need not exhaustively explain their reasoning, they must "explain how [they] considered the supportability and consistency factors for . . . medical opinions . . . in [a claimant's] determination or decision." *Id.* § 404.1520c(b)(2). This requirement is obligatory for claims, like Plaintiff's, filed on or after March 27, 2017. *Id.* And, though the ALJ may resolve conflicts in the medical opinion evidence "rejecting a conflicting medical opinion nevertheless requires an explanation." *Kneeland*, 850 F.3d at 761 ("Although the [ALJ] is correct that 'when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony,' . . . rejecting a conflicting medical opinion nevertheless requires an explanation." (citations omitted)).

      The record contains two conflicting state agency medical reports, one made in September 2018 and one made in March 2019. Admin. R. 86, 117. In the September 2018 report, the state agency consultants indicated that Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of [his] symptoms" were not supported by the objective medical evidence of record. *Id.* at 86. But in the March 2019 report, the state agency consultants indicated the opposite—that Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of [his] symptoms" were supported by the objective medical evidence of record alone. *Id.* at 117.

6

While explaining his determination of Plaintiff's RFC in his written opinion, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 30. It thus appears that the ALJ accepted the statement of the September 2018 report and rejected the statement of the March 2019 report. However, the ALJ did not provide any explanation for this decision. Indeed, the ALJ did not even acknowledge that the conflict existed between the state agency medical opinions, despite noting that he found the state agency reports to be "persuasive." *Id.* at 31.

Plaintiff contends that the ALJ's failure to explain his rejection of the March 2019 report is reversible error. Pl.'s Br. 7-8. Specifically, Plaintiff argues that the ALJ "ignored" the statement regarding Plaintiff's symptoms in the March 2019 report completely, when he "should have noted both [the September 2018 and March 2019] statements, acknowledged the inconsistency, and explained why he found one statement to be more persuasive than the other." Pl.'s Reply 3 (ECF No. 24). In response, the Commissioner argues that the statements in these reports are "consistent with the ALJ's finding." Def.'s Resp. 4 (ECF No. 23). At the same time, the Commissioner argues that, in determining that Plaintiff's statements were not supported by the objective medical evidence of record, the ALJ merely weighed conflicting evidence and thereby "properly evaluated the opinion evidence in arriving at his RFC finding." *Id.* at 4-5.

7

Plaintiff is correct—"administrative adjudicators must ensure the record reflects their analyses of all material evidence, even if they reject it." *Guy v. Comm'r of Soc. Sec.*, 2022 WL 1008039, at *4 (N.D. Tex. Mar. 14, 2022) (Ray, J.) (citing *Kneeland*, 850 F.3d at 760-61), *rec. adopted*, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). In addition, the Commissioner's contention that both reports are "consistent with the ALJ's finding" is incorrect—as shown above, the two reports contain directly opposite factual conclusions regarding the supportability of Plaintiff's statements about the intensity, persistence, and functionally limiting effects of his symptoms. Accordingly, the ALJ either rejected the most recent report's statement, or else failed to consider it at all. In either case, it was error to disregard the conclusion of the March 2019 report without explanation. *Id.* ("Because the ALJ disregarded [a medical] opinion without explanation, the Court cannot fulfill its constitutional obligation and conduct meaningful judicial review of the Commissioner's decision." (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947))).

Moreover, the Commissioner's alternative argument that the ALJ properly weighed the conflict between the state agency reports is inapposite because the ALJ failed to provide any explanation for this decision. An ALJ may not reject a conflicting medical opinion without an explanation. *Kneeland*, 850 F.3d at 761. Moreover, "even if the Court can intuit the ALJ's reasons for discrediting [the March 2019 report], it must remand the case so the ALJ can make explicit that which is currently implicit in his findings." *Id.* at *5 (citing *Amie R. S. v. Saul*, 2020

8

WL 1279210, at *10 (N.D. Tex. Feb. 29, 2020) (Ramirez, J.), *rec. adopted*, 2020 WL 1277689 (N.D. Tex. Mar. 17, 2020)).

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected," Plaintiff must show he was prejudiced by the ALJ's failure to explain his rejection of the March 2019 state agency report. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). To establish prejudice, Plaintiff must show this failure of the ALJ to properly explain this rejection casts doubt onto the existence of substantial evidence supporting the disability determination. *See McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 828, 827 (N.D. Tex. 2009) (Boyle, J.) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Here, the ALJ's failure to explain his rejection of the March 2019 report is material. Critically, the ALJ relied on the determination that Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of his symptoms were not supported by the objective medical evidence in crafting his RFC determination. Admin. R. 30-31. Moreover, "rather than engaging in juridical guesswork, the Court should apply the default rule that 'rejecting a conflicting medical opinion [ ] requires an explanation' . . . Because the Court cannot meaningfully review this matter without an explanation for the ALJ's disregarding

9

[the March 2019 report], [the Court] should . . . remand this action for further administrative proceedings in which the ALJ [may provide] that mandatory explanation." *Guy*, 2022 WL 1008039, at *6 (citing *Kneeland*, 850 F.3d at 760-61).

Finally, Plaintiff also argues the ALJ failed to consider the opinions of the Social Security claims representative and Plaintiff's mother, and that the ALJ relied on flawed VE testimony. *See generally* Pl.'s Brief 8-16. The Court pretermits consideration of these arguments because the Court finds the ALJ's RFC determination is not supported by substantial evidence.

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** August 9, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).