IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH R. M., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00178-E (BT) |
| | § | |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a "Corrected Petition to Obtain Approval of a Fee for Representing a Social Security Claimant" (ECF No. 36), filed by Plaintiff's counsel Ronald D. Honig. Through his petition, counsel seeks an award of $23,910.73 in attorney's fees under 42 U.S.C. § 406(b). Although the Commissioner filed a response (ECF No. 37) to the petition, he declined to take a position on the reasonableness of the request. Thus, for the reasons set forth below, the Court should GRANT the petition.

**Background**

On September 21, 2022, the Court entered its order accepting the magistrate judge's recommendation that the Court reverse the Commissioner's decision and remand the case for further administrative

proceedings. *See* Order (ECF No. 26). On the same day, the Court entered its judgment reversing and remanding the case. (ECF No. 27).

On November 3, 2022, the Court granted counsel's request for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and ordered that fees in the amount of $5,858.39 be awarded to Plaintiff. *See* Order (ECF No. 32).

On March 20, 2024, after the Court granted counsel leave to amend an inadvertently filed petition, counsel filed his corrected petition for § 406(b) attorney's fees and provided: an itemization of time expended; an affidavit regarding his legal background and history; the contingent fee contract entered into with Plaintiff on April 4, 2019; the December 1, 2023 decision granting Plaintiff disability insurance benefits; the January 31, 2024 "Notice of Change in Benefits" from the Social Security Administration (SSA); and an article addressing fee rates for attorneys in Texas. Pet.; Ex. 1–Ex. 4 (ECF No. 36). The Notice of Change in Benefits reveals that Plaintiff received a favorable decision from the SSA at the administrative level. It further reveals that the SSA found Plaintiff is entitled to monthly disability insurance benefits beginning June 2018. The Notice advises Plaintiff that he is entitled to past-due benefits for the period of July 2018 through November 2023. The Notice further advises that the amount of $23,910.73 has been withheld for payment of authorized attorney's fees. Counsel now seeks that fee amount: $23,910.73.

**Legal Standards and Analysis**

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action. Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b), on the other hand, "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788. Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (citations omitted).

Contingent-fee agreements are common in Social Security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" on any award of attorney's fees under § 406(b), including contingent-fee

agreements, to ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is reasonable for the services rendered." *Id.* Although the Fifth Circuit has declined to limit "consideration of what constitutes a windfall to some exhaustive list," it has stated that such consideration "is not a simple reiteration of the lodestar method," and has recognized several factors that the courts have considered, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Counsel seeks court approval for a fee payment of $23,910.73, which is being withheld from Plaintiff's disability-insurance benefits. As reflected in the itemization of services rendered, counsel expended 26.70 hours on this case in this Court. Although counsel does not typically charge an hourly fee for services rendered, he suggests that $375.00 is a standard rate for such services and requests a 2.38 multiplier to such fee to reflect the risks associated with contingency agreements. Based upon that multiplier and suggested rate, counsel's effective hourly rate for the requested fees would be $895.53. In addition, counsel recognizes that this Court previously awarded fees of $5,858.39 under the EAJA and that he is

obligated to reimburse Plaintiff for the lesser amount of fees awarded through the instant petition and the EAJA.

After reviewing the petition, its attachments, response by the Commissioner, and applicable law, including the various factors recognized in *Jeter*, the Court finds that (1) attorneys have a substantial risk of loss in appealing Social Security issues to federal court; (2) counsel spent 26.70 hours briefing the issues in this case; (3) counsel has over forty years of experience in Social Security matters; (4) the value of the case to Plaintiff was significant because the Commissioner determined that he is disabled and has been since June 1, 2018, which determination resulted in a substantial award of past-due benefits; (5) the existence of a contingent-fee agreement reflects at least some indication that Plaintiff consented to the fees; (6) the degree of difficulty of the issues does not warrant finding that the requested fees are unreasonable; and (7) the requested attorney's fees are reasonable under the circumstances. *See Jovita F. v. Saul*, 2020 WL 3406195, at *2 (N.D. Tex. Mar. 30, 2020) (approving fee request where de facto hourly rate was $650) (citing *Richardson v. Colvin*, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 3, 2018) (same where de facto hourly rate was $937.50, and counsel's standard hourly rate was $375); *Sabourin v. Colvin*, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (same where de facto hourly rate was $1,245.55)), *adopted by* 2020 WL 3404153 (N.D. Tex. June 18, 2020).

## Recommendation

For the foregoing reasons, the Court should GRANT the "Corrected Petition to Obtain Approval of a Fee for Representing a Social Security Claimant" (ECF No. 36) and award Ronald D. Honig $23,910.73 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b). The Court should further order counsel to promptly return to Plaintiff the EAJA fee of $5,858.39.

**SO RECOMMENDED.**

Signed April 11, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).